BOARD OF ROAD COMMISSIONERS OF TRANSYLVANIA COUNTY ET AL. v. BOARD OF COMMISSIONERS OF TRANSYLVANIA COUNTY ET AL.

(Filed 21 December, 1927.)

**Appeal and Error—Mandamus—Record—Findings of Fact—Remand.**

Sufficient facts must appear of record in appeal in proceedings for mandamus.

APPEAL by defendant from *Schenck, J.,* at Chambers, 3 September, 1927. Remanded.

Action for writ of mandamus, to compel defendant board to levy a tax sufficient to raise the amount of the budget filed with defendant board by plaintiff, for the construction and maintenance of public roads in Transylvania County during the ensuing year.

From judgment in accordance with the prayer of the plaintiff, defendant appealed to the Supreme Court.

*W. E. Breece and Pless, Winborne, Pless & Proctor for plaintiff.
Ralph Fisher for defendant.*

PER CURIAM. This action arises out of a controversy between plaintiff and defendant as to the amount of money required for the construction and maintenance of the public roads of Transylvania County, for the year 1927-28. Both plaintiff and defendant filed affidavits to be considered on the hearing before the judge, sustaining their respective contentions as to the facts involved in the controversy. The judge, however, has found no facts upon which to base his judgment. Serious questions of law are discussed in the briefs filed in this Court, some of which, at least, do not seem to be raised by the record. We cannot proceed to a consideration of these questions of law, in the absence of a finding by the judge of the facts involved in the controversy. *Britt v. Board of Canvassers,* 172 N. C., 797. There was no error in the denial by the judge of defendant's demand for a trial by jury, but this being an action for a writ of mandamus the judge should find the facts and embody his findings in his judgment.

The action is, therefore, remanded to the Superior Court of Transylvania County, to the end that the facts involved in the controversy may be found, and made to appear properly in the record. It is so ordered.

Remanded.